Oscar Alvarez Soto, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 1203. Submitted January 13, 1947.—Decided March 13, 1947.

*Andrés Mena* for appellant. The registrar did not appear.

Mr. Justice Snyder delivered the opinion of the Court.

The People of Puerto Rico obtained title, by virtue of a sale at public auction for taxes, to a house and lot which apparently belonged to the conjugal partnership of the appellant and his wife. Subsequently, in his own right and as a father with *patria potestas* over his unemancipated minor child, the appellant borrowed $337.86 from Librada Rodríguez with which to redeem the property. He redeemed the property and it was registered in his name. Pursuant to a declaration of heirs made when the wife of the appellant died, the property was registered in the name of the appellant as widower and of his minor child with an undivided half-interest therein for each. This recordation was made two months after the appellant had executed a deed before a notary by which he sold to Librada Rodríguez (*a*) in his own name for $250 his undivided interest in the property and (*b*) as a father with *patria potestas* over his minor child for $250 the undivided half-interest in the property of the said minor child. The deed recited that the transfer of these properties was being made by way of settlement to avoid suits and claims which might prejudice the minor child for the money owed to Mrs. Rodríguez which had been borrowed to redeem the property.

The appellant instituted this proceeding to review the ruling of the Registrar, who refused to record the aforesaid deed of settlement on the ground that the father of the minor child had not complied with the provisions of § 159 of the Civil Code for judicial authorization of alienations or encumbrances of the property of minor children. The appellant contends that since the deed of settlement shows that the consideration for the settlement with reference to the interest of the minor was $250, no judicial authorization of the settle-

ment was necessary as a father may under § 1710 of the Civil Code negotiate a settlement involving the property of his minor child over whom he has *patria potestas* if the value of the object involved in the transaction does not exceed $500.

We need not stop to inquire (*a*) whether the father borrowed the money without prior judicial authorization and (*b*) whether his action in that respect was null and void if no such authorization was obtained. *F. Zayas, S. en C.* v. *Torres*, 51 P.R.R. 772. Facts similar to those herein were considered by this Court in *Acosta et al.* v. *Registrar of Arecibo*, 29 P.R.R. 8, as constituting a sale and not a settlement. Just as in the *Acosta* case, irrespective of the label used, the facts constitute a sale in which the purchaser, as part of the purchase price, cancelled the indebtedness of the minor to her.

The ruling of the registrar will be affirmed.